UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Caroline Stern and George Hess,<br><br>                    Plaintiffs,<br><br>        -against-<br><br>The City of New York; Clarise Luces, in her individual capacity; and John and Jane Does 1 through 9, each in his or her individual capacity,<br><br>                  Defendants. | ECF CASE<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>12 Civ. 4863 (SAS)(AJP) |

**PRELIMINARY STATEMENT**

1.     This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 for the Defendants' commissions of acts under color of law in violation of the Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York.

**JURISDICTION**

2.     This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 1988.

3.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a), and 1367(a).

**VENUE**

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b) in that , *inter alia*, the events giving rise to this claim took place in the Southern District of New York.

**JURY DEMAND**

5. The Plaintiffs demand a trial by jury on each and every one of their claims as pled herein.

**PARTIES**

6. Plaintiff CAROLINE STERN is a resident of New York City. She is a dentist who has maintained a practice in Manhattan since 1986.

7. Plaintiff GEORGE HESS is a resident of New York City. He works in the film industry as a prop master and set dresser.

8. Defendant CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

9. The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, defendant NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

10. Defendants CLARISE LUCES and JOHN and JANE DOES 1 through 9 (collectively the "Individual Defendants") were police officers employed by the NYPD who were at all relevant times herein acting in their capacity as agents, servants, and employees of the City.

11. The Individual Defendants are sued in their individual capacities.

12. At all times relevant herein, Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City and incidental to the lawful pursuit of their duties as officers, employees and agents of the City.

## STATEMENT OF FACTS

13. Around midnight on July 15, 2011, Caroline Stern and George Hess were standing on the Columbus Circle subway station platform, heading home after attending a "Midsummer Night's Swing" event at Lincoln Center.

14. A man on the platform was playing drums and Ms. Stern and Mr. Hess began to dance to the music.

15. The couple was then approached by two uniformed police officers, Individual Defendants herein, one of whom was defendant Police Officer Clarise Luces.

16. The officers told Ms. Stern and Mr. Hess that they were not allowed to dance on the subway platform and asked them for their identification.

17. Mr. Hess provided the officers with his driver license.

18. The only form of identification that Ms. Stern had with her was her credit card, which she gave to the officers.

19. The officers told Ms. Stern that her credit card was insufficient and said she had to come with them.

20. Without warning or provocation, several additional police officers, Individual Defendants herein, came up from behind Mr. Hess and threw him to the ground, pressed an elbow into his head and handcuffed him. causing him injury.

21. Police Officer Luces then grabbed Ms. Stern and handcuffed her.

22. The couple was then taken, in handcuffs, to the NYPD Transit Bureau Station, located in the Columbus Circle Subway Station.

23. Ms. Stern complained multiple times about the pain caused by the tightness of her handcuffs but she was ignored.

24. After approximately 23 hours in police custody, Ms. Stern and Mr. Hess were arraigned in the Criminal Court, City of New York, County of New York, and released on their own recognizance.

25. Ms. Stern and Mr. Hess were each charged with one count of resisting arrest (New York Penal Law §205.30) and one count of disorderly conduct under the New York City Transit Authority rules of conduct (21 NYCRR §1050.7(j)).

26. On September 19, 2011, Ms. Stern's and Mr. Hess's cases were adjournment in contemplation of dismissal. The cases were dismissed and sealed on March 19, 2012.

27. As a result of the time Ms. Stern spent in extremely tight handcuffs, she suffered pain, tingling and weakness in her hands.

## NOTICES OF CLAIM

28. On October 11, 2011, within 90 days from the dates the claims alleged in this Complaint arose, each plaintiff served a separate Notice of Claim on the City.

29. At least 30 days have elapsed since the service of those Notices of Claim and

adjustment or payment thereof has been neglected or refused.

30. The instant lawsuit is instituted within one year and 90 days after the dates the claims alleged in this Complaint arose.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Against Individual NYPD Defendants

31. All other paragraphs herein are incorporated by reference as though fully set forth.

32. In stopping, seizing, arresting, detaining and charging Plaintiffs, the Individual Defendants engaged under color of law in the violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable searches and seizures and false arrest and imprisonment..

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

33. All other paragraphs herein are incorporated by reference as though fully set forth.

34. Municipal liability for the violations of Plaintiffs' Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

35. At all times material to this complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

36. At all times material to this complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the Individual Defendants' supervisors of their need to train, screen, supervise or discipline said

defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

### THIRD CAUSE OF ACTION
### Pendant State Law Claim
### for False Arrest

37. All other paragraphs herein are incorporated by reference as though fully set forth.

38. By the actions described above, the Individual Defendants, jointly and severally, violated the Plaintiffs' rights under New York law to be free from false arrest and imprisonment, as a direct and proximate result of which the Plaintiffs suffered the loss of physical liberty.

39. Municipal liability for these torts rest upon principles of *respondeat superior*.

### FOURTH CAUSE OF ACTION
### Pendant State Law Claim for
### Assault and Battery

40. All other paragraphs herein are incorporated by reference as though fully set forth.

41. By the actions described above, the Individual Defendants jointly and severally violated the Plaintiffs' rights under New York law to be free from assault, battery and battery committed in performance of public duty or authority, as a direct and proximate result of which the Plaintiffs suffered from physical pain and injury.

42. Municipal liability for these torts rest upon principles of *respondeat superior*.

WHEREFORE, the plaintiffs request that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to plaintiffs against the defendants, jointly and severally;

3. Award plaintiffs reasonable costs, disbursements and attorney's fees; and

    4.    Grant any other relief the court deems appropriate.

Dated: New York, New York
June 20, 2011

Respectfully submitted,

/s/

_____
Darius Wadia, L.L.C.
By:  Darius Wadia, Bar number DW8679
Attorney for Plaintiff
233 Broadway, Suite 2208
New York, New York  10279
dwadia@wadialaw.com
(212) 233-1212/1216