UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Caroline Stern and George Hess,<br><br>              Plaintiffs,<br><br>       -against-<br><br>The City of New York; Clarise Luces, in her individual capacity; and John and Jane Does 1 through 9, each in his or her individual capacity,<br><br>              Defendants. | ECF CASE<br><br>SCHEDULING ORDER<br><br>12 Civ. 4863 (SAS)<br><br>Conference Date:<br>August 8, 2012 |

WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on July 17, 2012 (the "Order); and

WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

(1) the date of the conference and the appearances for the parties:

    Date of Conference:  August 8, 2012

    For plaintiffs Caroline Stern and George Hess,

        Darius Wadia
        Darius Wadia, LLC
        233 Broadway, Suite 2208
        New York, New York  10279
        (212) 233-1212/1216
        dwadia@wadialaw.com



    For defendants City of New York and Clarise Luces:

        Virginia J. Nimick
        Assistant Corporation Counsel
        Special Federal Litigation Division
        New York City Law Department
        100 Church Street
        New York, New York 10007

  Tel: (212) 788-0824
  Fax: (212) 788-9776
  vnimick@law.nyc.gov

(2) a concise statement of the issues as they then appear;

  This is an action brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and the laws of the State of New York.

  Plaintiffs claim, *inter alia*, that they were falsely arrested by the individual defendants in violation of their rights under the Fourth and Fourteenth Amendments to the United States Constitution, that defendant City of New York is liable under *Monell v. City of New York Department of Social Services*, 436 U.S. 658 (1978).

  Defendants contend that probable cause existed for plaintiffs' arrests and subsequent prosecution. Defendants also contend that to the extent that force was used to affect the arrest, the force was reasonable and necessary under the circumstances. Finally, defendants dispute the allegations as they relate to plaintiffs' claim under *Monell*.

(3) a schedule including:

  (a) the names of persons to be deposed and a schedule of planned depositions:

    Clarise Luces: Plaintiffs anticipate deposing defendant Clarise Luces prior to November 16, 2012.

    John and Jane Does 1 through 9: If plaintiffs are provided with the identities of these defendants, they anticipate deposing 3 to 4 of them by November 16, 2012.

    The defendants anticipate deposing plaintiffs Caroline Stern and George Hess by October 19, 2012.

    Additional depositions may be needed by as discovery continues.

  (b) a schedule for the production of documents:

    Fed. R. Civ. P. 26(a) are due by August 8, 2012.

    The parties will each serve requests for production of documents by Sept 7, 2012.

  (c) dates by which

    (i) each expert's reports will be supplied to the adverse side: Not applicable.

    (ii) each expert's deposition will be completed: Not applicable.

(d) time when discovery is to be completed: <u>December 14, 2012.</u>

(e) the date by which plaintiff will supply its pre-trial order matters to defendant: <u>March 1, 2013.</u>

(f) the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial: <u>April 12, 2012.</u>

(g) a space for the date for a final pre-trial conference pursuant to Fed. R. Civ. P. 16(d), to be filled in by the Court at the conference.

_____ Jan 9 at 4:30 _____ (leave blank)

(4) a statement of any limitations to be placed on discovery, including any protective or confidentiality orders;

   None are anticipated

(5) a statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement;

   None at this time

(6) anticipated fields of expert testimony, if any;

   Not applicable.

(7) anticipated length of trial and whether to court or jury;

   This will be a jury trial, the anticipated length of which will be 3 to 4 days.

(8) the Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference of when justice so requires;

Darius Wadia, LLC
*Attorney for Plaintiffs*
233 Broadway, Suite 2208
New York, New York 10279
(212) 233-1212/1216
dwadia@wadialaw.com

_____ [signature] _____

By: Darius Wadia

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007

By: _____
    Virginia J. Nimick
    Assistant Corporation Counsel
    Special Federal Litigation Division
    Tel:  (212) 788-0824
    Fax: (212) 788-9776
    vnimick@law.nyc.gov

SO ORDERED:

_____
SHIRA A. SCHEINDLIN
U.S.D.J.

8/8/12